UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER RAPCINSKY and ERIN BAKER,
Individually and On Behalf Of All Others
Similarly Situated

                Plaintiffs,

-against-

SKINNYGIRL COCKTAILS, L.L.C., SGC
GLOBAL, L.L.C. and BEAM GLOBAL
SPIRITS & WINE, INC.,

                Defendants.
-----------------------------------------------------------------X

**FIRST AMENDED
CLASS ACTION COMPLAINT**

Index No. 11-Cv-6546

**JURY TRIAL DEMANDED**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows against SKINNYGIRL COCKTAILS, L.L.C. ("Skinnygirl"), SGC GLOBAL, L.L.C. and BEAM GLOBAL SPIRITS & WINE, INC. ("Beam") (together, "Defendants"), on information and belief formed after an inquiry reasonable under the circumstances:

## PARTIES

1. At all relevant times, Plaintiff Rapcinsky was and is a resident of the State of Massachusetts.

2. At all relevant times, Plaintiff Baker was and is a resident of the State of New York.

3. At all relevant times, Defendant Skinnygirl Cocktails L.L.C. ("Skinnygirl") was and is organized under the laws of the State of Delaware, and resident of the State of New York

with its headquarters and principal place of business at 35 E.85th St., Apt. 2D, New York, New York [ ].

4. At all relevant times, Defendant SGC Global, LLC was and is organized under the laws of the State of Delaware, and resident of the State of New York with its headquarters and principal place of business at 35 E.85th St., Apt. 2D, New York, New York 10014.

5. Defendant Beam is a Delaware corporation headquartered at 510 Lake Cook Rd., Deerfield, Illinois 60015. Beam is the United States' largest premium spirits company, headquartered in Deerfield, Illinois with over $2.7 billion dollars in revenue. Beam markets, distributes and sells a variety of premium spirits selling over 33 million cases of spirits which, according to their website have "been trusted for generations." Defendants market and sell "Skinnygirl Margarita" in every state of the United States, and purposefully avail themselves of the benefits of interstate commerce in each of those states, including New York.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). At least one Class member is a citizen of a different State than both defendants, and the amount in controversy exceeds, exclusive of interest, fees and costs, $5,000,000.00. Plaintiffs in this action do not seek disgorgement of any fund in which they have a common and undivided interest, but seek to recover separate and distinct damages along with their attorney's fees.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the acts upon which this action is based occurred in part in this District. Thousands of members of the Class reside in this District, and purchased "Skinnygirl Margarita" here, and thereby were injured in this District. Skinnygirl also deceptively advertised and marketed "Skinnygirl Margarita" in or from this District. Defendants received substantial compensation and profit in this District.

## FACTUAL ALLEGATIONS

8. Defendants market, distribute and sell numerous premium spirit brands, including the "Skinnygirl Margarita." Through its advertising and labeling, Defendants falsely claim that "Skinnygirl Margarita" is made with "100% Blue Agave clear tequila," when in fact it appears to have been made with a lower-quality and -purity Tequila by-product called *mixto* -- essentially a mash of Tequila and some unknown additives (rarely organic) which may comprise as much as forty nine percent (49%) of the final mixed liquor. Defendants then add this *mixto*, and not "100% Blue Agave clear tequila," to their recipe for their ready-to-drink margarita product.

9. Moreover, defendants also falsely describe the non-alcoholic ingredients that they add to the impure *mixto* to create the decidedly not "All-natural" "Skinnygirl." Among those ingredients are carcinogenic preservatives, in blunt contrast to the label's claim of "no preservatives." Skinnygirl also falsely labels its margarita as:

- **"All-natural"**;
- **"With Natural Flavors"; and**
- **"the margarita you can trust"**

10. Defendants' erroneous marketing efforts also include the dubious testimonial of Bethenny Frankel, who achieved notoriety for being an "all-natural" chef (among other things) and author of a best-selling book entitled *Naturally Thin*. She falsely reiterated that "Skinnygirl Margarita" is "All-natural" (in bold red lettering, contrasting with the mostly black lettering of the label). This is also expressly prohibited by the Mexican NOM-006-SCFI-2005. Rule 11.2.3 explicitly prohibits the inclusion of captions such as "100% Natural" or "100% product natural." In her testimonial Ms. Frankel (and Defendants) also lists two, and only two, ingredients in bright red lettering: agave nectar and "100% Blue Agave tequila" or Blue Agave tequila,

depending on the label. Ms. Frankel does not disclose the presence of the ingredient sodium benzoate, an unnatural carcinogenic preservative, on any label or anywhere else. Neither do the Defendants.

11. That synthetic carcinogen is there, however, and upon its discovery the nation-wide premium grocery store chain Whole Foods Market removed "Skinnygirl Margarita" from its shelves. "Skinnygirl Margarita's" very presence in Whole Foods, a premium grocery store chain renown for organic and all-natural products, also served to mislead the consuming public. If a sophisticated nation-wide business was misled by the Skinnygirl and Beam Defendants, then the average consumer was certainly misled as well.

12. Defendants claim in their advertising and labeling that "Skinnygirl Margarita" spirits are all natural, use all natural ingredients and contain no preservatives, and thereby specifically aim their product at a growing and affluent segment of society seeking organic or all-natural products. Thus, the term "All-natural" appears boldly and more than once on each bottle of "Skinnygirl Margarita". The labeling also states that it is slightly sweetened with agave -- no other sweetener is disclosed. Furthermore, the labeling states that it is the "margarita you can trust." Nowhere on the label do Defendants indicate that the spirits contain preservatives, including but not limited to sodium benzoate, never mind whatever may be in Defendants' mixto "tequila." Defendants' representations are false, misleading and reasonably likely to deceive the public.

13. Through this advertising, Defendants have conveyed one message: "Skinnygirl Margarita" spirits are of the highest purity and quality and are all natural. Based on Ms. Frankel's notoriety, itself based on her alleged devotion to an all-natural lifestyle and authorship

of a book on all-natural food preparation, "Skinnygirl Margarita" is one of the largest ready-to-drink cocktail brands in the United States. Defendants' entire marketing campaign, both its advertisements and labeling, is based on falsehoods.

14. The falsity of Defendants' marketing is evidenced by Whole Foods' decision to sell "Skinnygirl Margarita" in the first place, and its subsequent decision to pull the brand from its shelves for not being all natural as advertised. Only then did Defendants admit that "Skinnygirl Margarita" contained a synthetic carcinogen through an unapologetic press release. It's "All-natural" marketing campaign remains unchanged.

15. Defendants have said nothing, however, about their previous false claims to have used "100% Blue Agave tequila" – 100% Agave Tequila being an even more refined version of the carefully regulated "Tequila" which, to be properly labeled, may only be produced in Mexico and must bear certain stamps and appellations to comply with Mexican law and the North American Free Trade Agreement ("NAFTA").

16. Specifically, at one point in time Skinnygirl bottles and labels previously approved by the United States Department of Treasury simply proclaimed "100% Blue Agave tequila." Quietly, and without explanation, Defendants changed the Skinnygirl margarita label to say it is made with premium Blue Agave tequila -- a statement technically true if even some miniscule trace quantity of the *mixto* was actually Blue Agave tequila. This subtle change in wording concedes the truth that Skinnygirl margarita was <u>never</u> a combination of only three (3) ingredients -- pure Blue Agave clear tequila, natural agave nectar, and "caramel color." Only time and pre-trial discovery will tell what was really in the "tequila" that went into the phony

"all-natural" margarita. What is certain is the fact that consumers would not have purchased Skinnygirl margarita had they known it was manufactured with inferior *mixto* tequila

17. This hush-hush change in the careful new wording of the label came not long after March of 2009, when Defendant Beam purchased the "Skinnygirl" Ready to Drink (RTD) Brand of spirits for approximately $120 million (although some news reports claim that Ms. Frankel grossly inflated the price Beam paid). The "Skinnygirl" brand was created earlier in 2009 by renowned natural food chef, author of the New York Times Bestseller, *Naturally Thin*, reality television star and entrepreneur, Bethenny Frankel. Beam, exploiting the former "all-natural" image of Bethenny Frankel, continued marketing and advertising the brand as all natural and the brand you can trust. In fact the quote from Ms. Frankel on the Skinnygirl bottle remained, recommending the "Margarita as the one you can trust." This, coming from a woman who fervently promotes an alleged all-natural lifestyle, which she is willing to live for all the world to see, demonstrates this marketing strategy vividly.

18. According to Beam, the "Skinnygirl" brand is still all natural. By purchasing "Skinnygirl" brand spirits from the famed natural foods chef and labeling and marketing the brand as all natural and containing no preservatives, plaintiff and consumers alike were led to believe that the already widely-known health conscious "Skinnygirl" herself had created a brand that was all natural itself. Like the Skinnygirl Defendants', Beam's representations concerning the lack of preservatives are false, misleading and reasonably likely to deceive the public.

19. Defendants' advertising is also false under Mexican law. Pursuant to Rule 6.6 of NMX-V-049-NORMEX-2004, a beverage with the same properties as Skinnygirl margarita would fall under the category of "*Coctel*" (cocktail) because its alcohol content is 12.7%, and

there is a presence of other additives in the beverage. Under that rule, the bottle shall bear the legend "*Bebida Alcoholica Preparada con Tequila.*" (which translates as "Alcoholic Beverage Prepared with Tequila"). There was and is still no such caption on the subject bottle.

20. Defendants are deliberately ignoring the fact that Tequila or Tequila 100% Agave are not the same products as beverages <u>prepared with</u> Tequila or Tequila 100% Agave. Thus they also ignore Mexican law, which requires at Rule 12.0 of NMX-V-049-NORMEX-2004 that beverages that contain 100% Agave Tequila may only be bottled within territories enlisted by General Declaration for Protection -- in Mexico. Skinnygirl's use of "100% Blue Agave tequila" for a "Product of Canada" is either a violation of that Mexican law and Annex 313, section 3 of NAFTA, or evidence that Skinnygirl did not contain "100% Blue Agave tequila" at all.

21. Plaintiffs bring this action on behalf of themselves and other similarly situated consumers in the United States for injunctive and declaratory relief halting the dissemination of these false and misleading advertising messages, and correcting the false and misleading perception they have created in the minds of consumers, as well as to obtain economic redress for those who have purchased "Skinnygirl" brand spirits.

22. Plaintiffs had purchased no less than one bottle of "Skinnygirl Margarita" before August 1, 2011 at price of $18.99. This price is above the price for comparable ready-to-drink margarita products, and Plaintiffs paid that premium based on the false and misleading representations and advertisements claiming that "Skinnygirl Margarita" used "100% Blue Agave tequila" (or any other premium tequila) or was "All-natural." Plaintiffs were exposed to and relied on Defendants' claims by seeing "Skinnygirl" promotional materials, and reading the "Skinnygirl" label. Plaintiffs purchased "Skinnygirl" brand spirits in reliance on these claims,

paid a premium to other comparable products on the market in reliance (for example, Jimmy Buffett's Margaritaville Skinny Margarita costs $11.99 -- for a bottle twice as large as "Skinnygirl Margarita's" 750ml bottle) on the purported premium and "All-Natural" quality of the "Skinnygirl Margarita", and suffered injury in fact and lost money as a result of the false advertising and unfair business practices described herein.

23.     Thus Plaintiffs alleges violations of the New York General Business Law §§ 340, 349, and New York Agric. and Mkts. Law §§ 198-201 and common law breach of the express and implied warranty created by its advertising and labeling, and for unjust enrichment. Plaintiffs did not receive the product that was advertised, and would not have purchased it had the truth been known.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this lawsuit on behalf of themselves and the proposed Class member under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

25.     The proposed Class consists of:

All persons who purchased Beam's "Skinnygirl Margarita" brand of spirits in the United States from March 1, 2009 until the date notice is disseminated. Excluded from the Class are defendants' officers, director and employees and those who purchased "Skinnygirl Margarita" spirits for the purpose of resale.

26.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are the defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or entities related to or affiliated with

the defendants and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

27. *Numerosity.* The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed Class contains tens of thousands of members. The precise number of Class members is unknown to plaintiffs. The true number of Class members is known by the defendants, however, and thus may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

28. *Existence and Predominance of Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the Class and predominate over any question affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a) whether Defendants had adequate substantiation for its claims prior to making them;

    (b) whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

    (c) whether Defendants' alleged conduct violates public policy;

    (d) whether the alleged conduct constitutes violations of the laws asserted herein;

    (e) whether Defendants engaged in false or misleading advertising;

    (f) whether plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

(g) whether the alleged conduct violated N.Y. Gen. Bus. Law § 340;

(h) whether the alleged conduct violated N.Y. Gen. Bus. Law § 349;

(i) whether the alleged conduct violated N.Y. Agric. and Mkts. Law N.Y. Agric. & Mkts. Law §198-201;

(j) whether the alleged conduct violated U.C.C. §§ 2-314 and 315;

(k) whether plaintiffs and Class members are entitled to declaratory and injunctive relief.

29. *Typically*. Plaintiffs' claims are typical of the claims of the members of the Class in that the defendants were unjustly enriched as a result of plaintiffs' and the Class' respective purchases of Defendants' "Skinnygirl Margarita" spirits.

30. *Adequacy of Representation*. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel highly experienced in complex consumer class action litigation, and plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Class.

31. *Superiority*. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.

32. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or

contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raise by this action. By contrast, the calls action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties un the circumstances here.

33. In the alternative, the class may also certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

34. Unless stated otherwise, the claims asserted herein are applicable to all persons who purchased Beam's "Skinnygirl Margarita" brand of spirits.

35. Adequate notice can be given to Class members directly using information maintained in defendants' records or through notice by publication.

36. Damages may be calculated, in part, from the sales information maintained in defendants' records, so that the cost of administering a recovery for the Class can be minimized.

However, the precise amount of damages available to plaintiffs and other members of the Class is not a barrier to class certification.

37. Plaintiffs seek a constructive trust, and preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent defendants from engaging in the acts described, and requiring defendants to provide full restitution to plaintiffs and Class members.

38. Unless a class is certified, Defendants will retain monies received as a result of its conduct that was taken from plaintiffs and proposed Class members.

39. Unless a classwide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

40. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

41. New York has a clear and substantial interest in preventing the conduct described herein as the alleged wrongdoing occurred in New York in part and affected all Class members, among others.

## AS AND FOR A FIRST CAUSE OF ACTION

### N.Y. Gen Bus. Law
### (Against All Defendants)

42. Plaintiffs repeat and reallege each and every prior allegation contained in paragraphs 1 through 41 hereof with the same force and effect as if fully set forth herein.

43. N.Y. Gen. Bus. Law §349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

44. N.Y. Gen. Bus. Law §349(h) provides that "any person who has been injured by reason of any violation of this section may bring….an action to recover his damages or fifty dollars, whichever is greater…The court may award reasonable attorney's fees to a prevailing plaintiff."

45. By reason of the deceptive conduct alleged above, Defendants engaged in consumer-oriented deceptive acts or practices within the meaning of N.Y. Gen. Bus. Law § 349, which resulted in consumer injury and broad adverse impact on the public at large, and harmed the public interest of New York State in an honest marketplace in which economic activity is conducted in a competitive manner. Defendants conduct caused millions of purchasers of "Skinnygirl Margarita" to purchase that product under the false pretense that it was "All-natural" and contained only "100% Blue Agave tequila," Agave nectar and caramel color.

46. Plaintiffs and the Class also seek treble damages pursuant to N.Y. Gen. Bus. Law §349(h) because defendants' conduct was willful and knowing. To wit, Defendants knew they were manufacturing a product with a carcinogenic ingredient, and continued to market it as "All Natural", and deliberately and willfully chose not to disclose the carcinogenic preservative that exists in each bottle of "Skinnygirl Margarita." Defendants continue to market "Skinnygirl Margarita" as "All-natural." Defendants also marketed "Skinnygirl margarita" as containing only "100% Blue Agave tequila" when in fact impure *mixto* "tequila" was used.

## AS AND FOR A SECOND CAUSE OF ACTION

### Breach of Express Warranty
### (Against All Defendants)

46. Plaintiffs repeat and reallege each and every prior allegation contained in paragraphs 1 through 45 hereof with the same force and effect as if fully set forth herein.

47. Defendants' statements, delineated above, constitute an affirmation of fact or promise and/or constitute a description of Defendants' "Skinnygirl Margarita" product. These statements constitute express warranties and were part of the bargain made between Plaintiffs (and other Class members) and Defendants.

48. Defendants breached these express warranties by not providing "All-natural" or "100% Blue Agave tequila" products with an accurate description of the actual ingredients, which could have provided said benefits.

49. Plaintiffs and other members of the proposed class formed a contract with Defendants at the time Plaintiff and the other members of the proposed Class purchased "Skinnygirl Margarita." The terms of that contract include the promises and affirmations of fact made by Defendants, as detailed above. The "Skinnygirl Margarita" product labeling and advertising constitute express warranties, became part of the basis of the bargain, and is part of the standardized contract between Plaintiff and the members of the proposed Class and Defendants.

50. Defendants breached the terms of this contract, including the express warranties to Plaintiffs and the members of the proposed class by not providing an All-natural "Skinnygirl Margarita" product, or a "Skinnygirl Margarita" product with its ingredients accurately described.

51. Plaintiffs and the other members of the proposed Class have been damaged in the amount of the purchase price of the "Skinnygirl Margarita" products they purchased, or, in the alternative, the premium they paid over comparable, truthfully-advertised products.

## AS AND FOR A THIRD CAUSE OF ACTION

### Promissory Estoppel
### (As Against All Defendants)

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth herein.

53. Defendants clearly and unambiguously promised the public that "Skinnygirl Margarita" was "All-natural" and contained only "100% Blue Agave tequila" when in fact impure *mixto* "tequila" was used.

54. Defendants knew or should have known that plaintiffs and the members of the proposed Class would rely upon their representations.

55. Plaintiffs and other members of the proposed Class, to their detriment, relied upon Defendants' representations.

56. By reason of the foregoing, Plaintiffs and other members of the proposed Class have suffered money damages in an amount to be determined at trial, but not less than Ten Million Dollars ($10,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION

### N.Y. Agric & Mkts. Law
### (Against All Defendants)

57. Plaintiffs repeat and reallege each and every prior allegation contained in paragraphs 1 through 56 hereof with the same force and effect as if fully set forth herein.

58. N.Y. Agric. & Mkts. Law §198 defines as "food" the substances to be protected under Article 17 therein, including "all articles of drink" whether "simple, mixed or compound" intended for human consumption.

59. N.Y. Agric. & Mkts. Law §199-a prohibits any person from selling or offering for sale any "article of food which is adulterated or misbranded[.]"

60. N.Y. Agric. & Mkts. Law §199-a prohibits any person from selling or offering for sale any "article of food which is adulterated or misbranded[.]"

61. N.Y. Agric. & Mkts. Law §200 (11) states that "[f]ood shall be deemed adulterated if: it falls below the standard of purity, quality or strength which it purports or is represented to possess."

62. N.Y. Agric. & Mkts. Law §201 provides that food is misbranded if: its labeling is false or misleading in any particular[,]" and "if it purports to be or is represented as a food for which a definition and a standard of identity has been prescribed[.]" §201(1), (7). A food is also misbranded if it contains even "permitted chemical preservatives, unless it bears labeling stating that fact[.]"

63. Defendants violated the above-cited sections of the N.Y. Agric. & Mkts. law by: i) manufacturing a product with a carcinogenic ingredient, while misbranding it as "All Natural"; ii) by deliberately and willfully choosing not to disclose the carcinogenic preservative that exists in each bottle of "Skinnygirl Margarita;" and iii) by misbranding "Skinnygirl margarita" as containing only "100% Blue Agave tequila" when in fact impure *mixto* "tequila" was used.

## RELIEF REQUESTED

WHEREFORE, plaintiffs and the proposed Class demand Judgment as follows:

A. As to the First and Second Causes of Action, award Plaintiffs and the Class compensatory damages against defendants, jointly and severally, including interest thereon, in an amount to be determined at trial, but not less than Ten Million Dollars ($10,000,000.00);

B.  As to all Causes of Action, award Plaintiffs and the Class their reasonable attorney fees, legal expenses and costs; and

C.  As to the First Cause of Action, award Plaintiffs and the Class treble damages;

D.  An order certifying the Class and appointing Plaintiffs as Class Representatives and appointing Plaintiffs' counsel to represent the proposed Class;

E.  As to all Causes of Action, awarding injunctive and declaratory relief, including but not limited to enjoining Defendants from advertising and promoting "Skinnygirl Margarita" as containing "100% Blue Agave tequila" and being "All-natural;"

F.  Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 16, 2011

> Respectfully submitted,
>
> LAW OFFICES OF THOMAS M. MULLANEY
>
> By: _____
>       Thomas M. Mullaney
>
> 275 Madison Avenue, Suite 3700
> New York, New York 10016
> (212) 223-0800
>
> Attorney for Plaintiffs
> Christopher Rapcinsky and Erin Baker, Individually
> and On Behalf Of All Others Similarly Situated

Of Counsel

Robert A. Rivas, Esq.
ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, Ca 92707